IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHANNON SIMMONS                                                               PLAINTIFF

V.                                CIVIL NO. 1:13-cv-01018

JUDGE SINGLETON;
MARK KLAPPENBACH; and
IAN VICKERY                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shannon Simmons filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 6, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.      BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Ouachita County Detention Center ("OCDC") in El Dorado, Arkansas. Plaintiff's address of record indicates he is currently incarcerated in the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas. Upon initial review of Plaintiff's Complaint, the Court determined Plaintiff made claims against Defendants located in Dallas County, Arkansas. The Court determined these Defendants

1

should be severed from this case and transferred to the Eastern District of Arkansas. ECF No. 3. This left only Judge Singleton, Public Defender Mark Klappenbach, and Prosecuting Attorney Ian Vickery as Defendants in this matter. The Court then determined additional information would be useful and order the Plaintiff to file an Addendum to his Complaint. ECF No. 8. Plaintiff filed his Addendum on May 17, 2013. ECF No. 10.

In Plaintiff's Complaint and Addendum, he names Judge Singleton, Public Defender Mark Klappenbach, and Prosecuting Attorney Ian Vickery as Defendants. ECF Nos. 1, 10. Plaintiff alleges Judge Singleton denied his request for a new attorney. ECF No. 10, pp. 1-2. Plaintiff also alleges Klappenbach refused to request Plaintiff's bail be lowered and refused to remove himself as Plaintiff's attorney. ECF No. 10, p. 2. Additionally, Plaintiff alleges Vickery failed to wait to proceed with his case against Plaintiff until Plaintiff could retain a different attorney than Klappenbach. ECF No. 10, p. 2.

Finally, Plaintiff claims Union County has an unconstitutional policy and custom by (1) employing Judge Singleton even though they know he is an unjust man; and (2) allowing the public defenders office to deny his request for a new attorney. ECF No. 10, pp. 3-4.

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting

2

under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III. DISCUSSION

    A.    <u>Judge Singleton</u>

Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Singleton that was nonjudicial or taken without jurisdiction. Accordingly, Judge Singleton is immune from suit.

    B.    <u>Public Defender Klappenbach</u>

Public Defender Klapenback is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Klappenbach was not acting under color

of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against Klappenbach.

      C.      Prosecutor Ian Vickery

Prosecuting attorney Ian Vickery is also immune from suit. In *Imbeler v. Pachtman,* the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Plaintiff failed to allege any claim that Vickery acted outside of initiating a prosecution and presenting the State's case against him.

To the extent the complaint seeks injunctive relief against Rogers, I find the claim is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm. *See Pulliam v. Allen,* 466 U.S. 522, 538 (1984). Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975). Plaintiff has not alleged he exhausted his state remedies regarding his criminal conviction. Therefore, Plaintiff has not stated a cognizable claim for injunctive relief under section 1983.

4

D.  *Heck*

Additionally, Plaintiff's claims challenge his charges and conviction. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.   Plaintiff did not make any allegations that his criminal conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's claims regarding the illegality of his charges and conviction are not cognizable claims under section 1983.

E.  *Habeas*

Moreover, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's has failed to state a cognizable claim under section 1983 and his Complaint should be dismissed.

F.  Official capacity claim

Plaintiff states in his Addendum that he is suing Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual

capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff's explanations in his Addendum fail to state any policy or custom of Union County that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no allegations in Plaintiff's Complaint or Addendum to support an official capacity claim against Defendants. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Union County cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff has failed to state an official capacity claim against all of the Defendants.

### III.     CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be

**DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of June 2013.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE